**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DEMARCUS CROSBY**, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**AKZO NOBEL COATINGS INC.**<br>c/o Corporation Service Company<br>1160 Dublin Road, Suite 400<br>Columbus, OH 43215<br><br>Defendant. | : | CASE NO. 2:25-cv-845<br><br>JUDGE<br><br>MAGISTRATE JUDGE<br><br>COLLECTIVE ACTION COMPLAINT<br><br>**JURY DEMAND ENDORSED HEREON** |

**PLAINTIFF'S COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

Named Plaintiff Demarcus Crosby ("Named Plaintiff"), individually and on behalf of other similarly situated employees, here files his Collective Action Complaint against Akzo Nobel Coatings Inc. ("Defendant") for its failure to pay employees overtime wages, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Named Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b). The following allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

## I. JURISDICTION AND VENUE

1. This action is brought pursuant to the FLSA, and 28 U.S.C. § 1331.

2. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant employed Named Plaintiff and others similarly situated in the Southern District of Ohio, a

substantial part of the events or omission giving rise to the claim occurred in the Southern District of Ohio, and Defendant has done substantial business in the Southern District of Ohio.

## II. PARTIES

### Named Plaintiff

3. Named Plaintiff is an individual, a United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio.

4. At all times relevant herein, Named Plaintiff has been employed by Defendant as an hourly, non-exempt production associate from approximately March 2023 through July 2025 at Defendant's facility in Columbus, Ohio.

5. Named Plaintiff brings this action on behalf of himself and other similarly situated hourly, non-exempt employees and has given his written consent to bring this action to collect unpaid overtime compensation under the FLSA. Named Plaintiff's consent is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b). *Consent to be Party Plaintiff*, attached hereto as **Exhibit A**.

### Defendant

6. Defendant is a foreign for-profit corporation that is registered to conduct business in Ohio.

7. Defendant is engaged in the production of numerous paints and coatings within the United States and globally.[1] Defendant operates a manufacturing facility in Columbus, Ohio.

8. Defendant currently owns, operates, and/or manages over 30 manufacturing sites, technology offices, and/or business offices across North America.[2]

---

[1] *Our Strategy*, AKZONOBEL, https://www.akzonobel.com/en/our-strategy (last visited July 30, 2025).
[2] *About Us*, AKZONOBEL, https://www.akzonobel.com/en/countries/united-states/about-us (last visited July 30, 2025).

9. At all relevant times, Defendant has had direct or indirect control and authority over Named Plaintiff and other similarly situated employees' working conditions. At all relevant times, Defendant exercised that authority and control over Named Plaintiff and other similarly situated employees.

10. At all relevant times, Defendant has had direct or indirect control and authority over matters governing the essential terms and conditions of employment for Named Plaintiff and other similarly situated employees at all locations operated and managed by Defendant. At all relevant times, Defendant exercised that authority and control over Named Plaintiff and other similarly situated employees.

11. At all relevant times, Defendant has had the authority to hire and fire employees, supervise and control their work schedules and work conditions, determine their rate and method of pay, and/or maintain employee records.

12. Upon information and belief, Defendant applies or causes to be applied substantially the same employment policies, practices, and procedures to all employees at all of Defendant's locations, including policies, practices, and procedures relating to the payment of wages, overtime, and timekeeping.

13. At all relevant times, Defendant suffered or permitted Named Plaintiff and other similarly situated employees to work. The work that Named Plaintiff and other similarly situated employees performed was for Defendant's benefit.

14. Defendant was an "employer" of its employees at all of its locations as defined herein, and/or for the purposes of the FLSA.

15. At all relevant times, Defendant, as a corporation producing paints and coatings, was an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

16. At all relevant times, Defendant has had an annual gross volume of sales made, or business done, of not less than $500,000 each year.

17. At all relevant times, Defendant has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or were produced for commerce.

18. At all times relevant, Defendant was fully aware of the fact that it was legally required to comply with the federal wage and overtime laws.

## III. FACTS

19. Defendant employed Named Plaintiff and other similarly situated production/manufacturing employees as hourly, non-exempt employees.

20. Named Plaintiff and other similarly situated production/manufacturing employees worked more than forty (40) or more hours in one or more workweek(s) during the three (3) years immediately preceding the filing of this Complaint.

21. During their employment with Defendant, Named Plaintiff and other similarly situated production/manufacturing employees were not fully and properly paid for all overtime wages because Defendant required a daily meal break deduction to be taken, generally by deducting a meal break from their recorded time worked, even when Named Plaintiff and other similarly situated employees were unable to take a fully uninterrupted "meal break."

22. However, Named Plaintiff and other similarly situated production/manufacturing employees were often unable to take a meal break, took a shortened meal break, or had their "meal break" interrupted with substantive job duties.

23. Named Plaintiff and other similarly situated production/manufacturing employees were often too busy with work to take a full, uninterrupted 30-minute "meal break." Often Defendant's production/manufacturing employees were not able to take a meal break at all due to the paint production process.

24. A daily meal break deduction was taken from employees' hours worked, regardless of whether Named Plaintiff and other similarly situated production/manufacturing employees received an uninterrupted "meal break."

25. When Named Plaintiff and other similarly situated production/manufacturing employees were able to take a meal break, Named Plaintiff and other similarly situated employees did not receive 30-minute bona fide meal periods because they were unable to take meal breaks or their meal break was shortened by work, including but not limited to time spent doffing, donning, scrubbing, and sanitizing.

26. Defendant had no process for production/manufacturing employees to report if they were unable to take a meal break, took a shortened meal break, or had their meal break interrupted with substantive job duties.

27. During relevant times, Defendant had knowledge of and acted willfully regarding its conduct described herein.

28. Defendant is in possession and control of the necessary documents and information from which Named Plaintiff would be able to precisely calculate damages, or it otherwise failed to maintain such documents and information.

29. Upon information and belief, for the three (3) years preceding the filing of this Complaint, Defendant applied the same pay policies and practices to all hourly, non-exempt employees, including Named Plaintiff.

30. Named Plaintiff and other similarly situated production/manufacturing employees have not been fully and lawfully compensated for all of their compensable hours worked due to the policies and/or practices described herein.

31. Defendant knew or should have been aware that Named Plaintiff and other similarly situated production/manufacturing employees had a daily meal break deduction taken even though they did not receive an uninterrupted meal break.

32. Further, Defendant knew or should have been aware that Named Plaintiff and other similarly situated production/manufacturing employees worked in excess of forty (40) hours in a workweek and were entitled to be paid overtime for such work, but Defendant willfully elected not to fully compensate its employees during all times relevant.

34. The FLSA and state law, including Ohio law, require Defendant to maintain accurate and complete records of employees' time worked and amounts earned and paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; O.R.C §§ 4111.08, 4111.14(F); and Ohio Const. Art. II, § 34a.

35. For example, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period, and date of payment and pay period covered by the payment. *See* 29 C.F.R. §

516.2.

36. Defendant failed to track, keep, or transmit the hours accurately worked each day by Named Plaintiff and other similarly situated production/manufacturing employees.

37. Defendant willfully transmitted inaccurate and/or incomplete records to payroll for compensation purposes, which do not include all work performed, which had the direct effect of reducing Defendant's labor costs to the detriment of Named Plaintiff and other similarly situated production/manufacturing employees.

38. Thus, Defendant willfully did not record and pay all hours worked in violation of the FLSA and violated the FLSA's recordkeeping requirements.

## IV. FLSA COLLECTIVE ALLEGATIONS

39. Named Plaintiff brings his FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of himself and all other similarly situated employees consisting of the following:

> **All current and former hourly, non-exempt production/manufacturing employees of Defendant who were paid for at least 40 hours of work in any workweek that they had a meal break deduction beginning 3 years prior to the filing date of this Complaint and continuing through the final disposition of this case ("FLSA Collective" or the "FLSA Collective Members").**

40. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees.

41. In addition to Named Plaintiff, the putative FLSA Collective Members have been denied proper overtime compensation due to Defendant's companywide payroll policy and

practices described herein. Named Plaintiff is representative of those other similarly situated employees and is acting on behalf of their interests as well as his own in bringing this action.

42. The identities of the putative FLSA Collective Members are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt in to it pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

43. The net effect of Defendant's policies and practices is that Defendant willfully failed to pay Named Plaintiff and the FLSA Collective Members overtime wages. Thus, Defendant enjoyed substantial ill-gained profits at the expense of Named Plaintiff and the FLSA Collective Members.

## V. CAUSE OF ACTION

### FIRST CAUSE OF ACTION: FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

44. All of the preceding paragraphs are realleged as if fully rewritten herein.

45. This claim is brought as part of a collective action by Named Plaintiff on behalf of himself and the FLSA Collective.

46. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

47. During the three (3) years preceding the filing of this Complaint, Defendant employed Named Plaintiff and the FLSA Collective Members.

48. Named Plaintiff and the FLSA Collective Members regularly worked in excess of forty (40) hours in workweeks.

49. Defendant violated the FLSA with respect to Named Plaintiff and the FLSA Collective by failing to pay them overtime premium for all overtime hours worked because of Defendant's meal break deduction policies and/or practices described herein.

50. Defendant also violated the FLSA by failing to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* 29 C.F.R. §§ 516.2, *et seq*.

51. Named Plaintiff and the FLSA Collective Members were not exempt from receiving FLSA overtime benefits.

52. Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective Members are entitled.

53. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

54. As a direct and proximate result of Defendant's conduct, Named Plaintiff and the FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest, attorneys' fees, and all other remedies available on behalf of himself and the FLSA Collective Members.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff requests judgment against Defendant and for an Order:

A. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

B. Finding that Defendant failed to keep accurate records, and, as such, Named Plaintiff and the FLSA Collective Members are entitled to prove their hours worked with reasonable estimates;

C. Awarding to Named Plaintiff and the FLSA Collective Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

D. Awarding to Named Plaintiff and the FLSA Collective Members costs and disbursements and reasonable allowances for fees of counsel and experts as well as reimbursement of expenses;

E. Awarding to Named Plaintiff and the FLSA Collective Members such other and further relief as the Court deems just and proper;

F. Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery;

G. Rendering a judgment against Defendant for all damage, relief, or any other recovery whatsoever;

H. Issuing an order directing Defendant to pay reasonable attorneys' fees and all costs connected with this action; and

I. Granting such other and further relief as this Court may deem necessary, just, and proper.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
Adam C. Gedling (0085256)
Tristan T. Akers (0102298)
1550 Old Henderson Rd
Suite #126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com
agedling@mcoffmanlegal.com
takers@mcoffmanlegal.com

*Attorneys for Named Plaintiff and those similarly situated*

**JURY DEMAND**

Named Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman